## 10649,10650. ROWLAND *v.* WOODWARD IRON COMPANY; and *vice versa.*

1. The original declaration in attachment, by which it was sought to recover for personal injuries received by the plaintiff while employed as a

boiler-maker in the defendant's plant, sets out a cause of action under the Alabama statute pleaded, to wit, section 3910 of the Code of Alabama,—particularly under subsections 2, 3 and 4 of that section.

2. The second count of the declaration, added by amendment, sets out a cause of action under the common law. *Durham* v. *Whittier Mills Co.*, 9 *Ga. App.* 26 (70 S. E. 195).

3. The amended declaration was sufficiently full and specific to withstand all the grounds of special demurrer urged against it by the defendant.

4. The court did not err in overruling the defendant's special demurrer, but did err in sustaining its general demurrer and dismissing the declaration.

DECIDED JANUARY 7, 1920.

Action for damages; from city court of Atlanta—Judge Reid. April 5, 1919.

*A. H. Davis,* for plaintiff.

*Tye, Peeples & Tye,* for defendant.

LUKE, J. 1. The original declaration in attachment alleges, among other things, that the plaintiff was employed as boiler-maker by the defendant at its plant near Brighton, Alabama, and that while at work as such employee he was injured by the negligence of an incompetent fellow servant, whose incompetency was well known to the defendant and its foreman, and who, unknown to the plaintiff, was sent by the defendant's foreman in charge to a place and with instrumentalities where the incompetency of such fellow-servant was calculated to cause and did cause the injuries for which the plaintiff sues. The nature of the work then being done by the plaintiff upon an oven is set out in detail, and it is further alleged: "Plaintiff was under the direction of the foreman of the defendant, who had superintendence intrusted to him, and said foreman, knowing plaintiff was at work at the place aforesaid, sent a helper up on the oven with a casting, and directed him to bolt it in place immediately over plaintiff, plaintiff having been given no notice whatever, as ordinary care required, and not knowing that said helper was above him or had been ordered to go there. Said helper went up on the oven, and laid the casting down on the channel iron, or upon some part of the oven directly over plaintiff, and before he had bolted it into place, the constant tremors and the shaking of the oven or buck stay, which was the necessary effect of the air-hammer being used in driving the rivet, shook the said casting off, and caused it to fall upon plaintiff, striking him on the head and on other parts of the body, and causing him to fall forward, and greatly and permanently injuring him. Said foreman

who had superintendence intrusted to him was one Leo David, and he was negligent in ordering said work done and said casting placed over said oven at a time when plaintiff was working thereon, and he was negligent in not informing plaintiff that said work was to go ahead, and was negligent in allowing said work to be done and in directing that said casting be placed above, without being fastened or bolted in some way, because the necessary effect of the aforesaid tremors and shaking was to cause it to fall; and plaintiff further shows that the helper who was sent up to said place by said foreman who had superintendence intrusted to him was one Finck, and he was known to defendant and to said foreman to be an incompetent man, and had been ordered discharged, and was only being kept in the service until he could work out a balance due the company. Plaintiff shows to the court that said injury was caused by reason of the negligence of said foreman in negligently ordering said Finck up to do said work over plaintiff, without giving plaintiff notice thereof, and without requiring that said riveting, which caused a tremor or shaking of the parts should cease while said work was being done, it being dangerous to do said work while said riveting was being done; the said foreman knowing thereof and ordering said Finck up to do said work without notice to plaintiff. And said injury was caused also because of the negligence of said helper, Finck, who was grossly incompetent, and known to be so by defendant, and was put to said job while so known to be incompetent." After setting out the nature of his injury and amount of his damages, the plaintiff further alleges that he brings this action under section 3910 of the Code of Alabama, which he alleges reads as follows: "3910. Liability of master or employer to servant or employé for injuries. When a personal injury is received by a servant or employé in the service of or business of the master or employer, the master or employer is liable to answer in damages to such servant or employé, as if he were a stranger, and not engaged in such service or employment, in the cases following: (1) When the injury is caused by reason of any defect in the condition of the ways, works, machinery, or plant connected with, or used in the business of, the master or employer. (2) When the injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has any superintendence intrusted to him, whilst

43

in the exercise of such superintendence. (3) When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, to whose orders or directions the servant or employé, at the time of the injury, was bound to conform, and did conform, if such injuries resulted from his having so conformed. (4) When such injury is caused by reason of the act or omission of any person in the service or employment of the master or employer, done or made in obedience to the rules and regulations or by-laws of the master or employer, or in obedience to particular instructions given by any person delegated with the authority of the master or employer in that behalf. (5) When such injury is caused by reason of the negligence of any person in the service or employment of the master or employer, who has the charge or control of any signal, points, locomotive, engine, electric motor, switch, car, or train upon a railway, or any part of the track of a railway. The master or employer is not liable under this section, if the servant or employé knew of the defect or negligence causing the injury, and failed in a reasonable time to give information thereof to the master or employer, or to some person superior to himself engaged in the service or employment of the master or employer, unless the master or employer, or such superior, already knew of such defect or negligence; nor is the master or employer liable under subdivision 1, unless the defect therein mentioned arose from, or had not been discovered or remedied, owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition; provided, that in no event shall it be contributory negligence or an assumption of the risk on the part of a servant to remain in the employment of the master or employer after knowledge of the defect or negligence causing the injury, unless he be a servant whose duty it is to remedy the defect or who committed the negligent act causing the injury complained of."

2. The second count of the declaration alleges and describes the cause of the injury as follows: "Plaintiff was doing said work in obedience to orders of the defendant, delivered to him by defendant's representative and foreman Leo David, whose orders plaintiff was bound to obey. While plaintiff was so engaged, said

foreman sent another of defendant's servants, one Bob Finck, up on the oven with a casting weighing 25 or 30 pounds, and ordered him to work on, about, and with said casting and the tools, appliances, parts, and connections which would be used to fasten or bolt it in place, the place where it was ordered to be fastened being directly above the place where plaintiff was working, and some 6 or 8 feet higher than his head. Plaintiff charges that to require this work to be done as ordered, while he was working as aforesaid, jeopardized his safety and necessarily rendered the place where he was working unsafe, that the casting could not be held in the man's hands all the time, that it was liable to accidentally slip from his hands or be dropped, and that, if it was laid down upon the channel iron or other part of the oven, it was liable to be gradually jarred off by the vibrations caused by the air hammer which plaintiff was using in his work. Defendant well knew these conditions and was negligent of plaintiff's safety in attempting and requiring both said jobs of work to be carried on simultaneously. During the course of his work and before completing it, said Finck laid the casting down on the channel iron or other part of the oven above the place where plaintiff was working, and the casting was caused to move gradually, by the incessant vibrations caused as aforesaid, until it reached a position of unstable equilibrium and fell from its resting place. It descended with great force and struck plaintiff on his head and other parts of his body, grievously and permanently injuring him as hereinafter specified. Plaintiff shows that he was not informed or warned by defendant of the danger aforesaid and did not know of it and could not have known of it by the use of ordinary care; that he was engrossed in his work, with all of his attention fixed on it, and was unaware of any danger until he was injured. Plaintiff shows that defendant took no precautions to insure his safety, that it entrusted the work of bolting on the casting to Finck, although it well knew that he was an unskilled and incompetent workman, that it gave him no instructions with regard to the safety of the plaintiff who was working below him; and that it gave the plaintiff no warning as to the danger to which he was exposed as aforesaid by the orders of defendant. Plaintiff alleges that it was the duty of defendant to provide him a reasonably safe place in which to work and that the duty was nonassignable, and that the said foreman, having au-

thority to order where, when and by whom work should be done, represented the master, and was under the duty of providing plaintiff with a reasonably safe place in which to work. . . Plaintiff charges that the defendant was negligent in the following respects: · (1) in failing to provide the plaintiff with a reasonably safe place in which to work; (2) in rendering plaintiff's place of work unsafe by ordering the work hereinbefore described to be done over the head of the plaintiff, without giving him any warning in respect thereto, and in sending to do said overhead work an unskilled and incompetent workman, without taking any measures to ensure plaintiff's safety."

3, 4. The defendant demurred generally to each count of the declaration, and specially on the grounds·: that the averments of negligence and of the superintendence of the foreman were mere conclusions of the pleader and were too general and indefinite; that Finck's incompetency and defendant's knowledge thereof were not sufficiently alleged; that the injury appeared to be the result of a mere accident or else of the negligence of a fellow servant of the plaintiff; that count 1 did not point out what part or parts of the Alabama statute the pleader claimed to be applicable to the facts of the case; and upon other grounds which were merely enlargements of the grounds of general demurrer. The demurrers being overruled in part and in part sustained, and the suit dismissed, both parties excepted.

It is not deemed necessary to elaborate the rulings stated in the headnotes.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Bloodworth, J., concurs. Broyles, C. J., disqualified.*